FILED
United States Court of Appeals
Tenth Circuit

March 22, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MARQUAN ROCHELLE,

Plaintiff-Appellant,

v.

HY-VEE, INC.,

Defendant-Appellee.

No. 12-3259
(D.C. No. 2:11-CV-02150-CM-DJW)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **O'BRIEN**, **McKAY**, and **BALDOCK**, Circuit Judges.

Marquan Rochelle, proceeding pro se, appeals the district court's order

granting summary judgment to his former employer. He claims that the employer

retaliated against him in violation of Title VII for complaining about racial

discrimination. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Rochelle, an African American male, was employed by Hy-Vee, Inc. somewhat intermittently from December 1997 until he resigned on May 15, 2011. He worked full time in the meat department until September 2009, when he stated that he could no longer work in the evenings; he then became a part-time employee. On June 9, 2010, Mr. Rochelle filed a charge of discrimination with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission. He alleges that his part-time work hours were then reduced in retaliation for filing the discrimination charge.

The district court carefully reviewed Mr. Rochelle's work hours from September 28, 2009, through May 9, 2011. The court determined that Mr. Rochelle had been assigned approximately the same number of work hours per week after filing the charge as before. Accordingly, the court found that Mr. Rochelle failed to show a prima facie case of unlawful retaliation.

Mr. Rochelle was represented by counsel in the district court. He appeals pro se, arguing that he required a work schedule that would permit him to continue his college classes, and claiming discrimination, racial harassment, and retaliation.

## II. DISCUSSION

"We review the district court's summary judgment order de novo, and apply the same legal standards as the district court." *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012) (internal quotation marks omitted). "The court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment "can be affirmed only if [the moving party] shows that there is no genuine dispute of material fact; a dispute exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bertsch v. Overstock.com*, 684 F.3d 1023, 1029 (10th Cir. 2012) (internal quotation marks omitted).

"Title VII forbids retaliation against an employee because [he] has 'opposed' any practice made unlawful by Title VII, or because [he] has 'participated . . . in an investigation, proceeding, or hearing'" regarding a claim of discrimination. *Stover v. Martinez,* 382 F.3d 1064, 1070 (10th Cir. 2004) (quoting 42 U.S.C. § 2000e–3(a)). Mr. Rochelle does not allege direct evidence of retaliation; therefore, the *McDonnell Douglas* framework applies. *See id.*; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, the plaintiff must first state a prima facie case of retaliation. *Conroy v. Vilsack*, No. 11-4091, 2013 WL 491546, at *6 (10th Cir. Feb. 11, 2013). If he does so, the employer must come forward with a legitimate, nonretaliatory reason for the employment action. *Id.* Then the plaintiff must demonstrate that the stated reason is a pretext for unlawful retaliation. *Id.*

To state a prima facie case of retaliation, Mr. Rochelle must show: "(1) that [he] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a

causal connection existed between the protected activity and the materially adverse action." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1219 (10th Cir. 2013) (internal quotation marks omitted).

There is no dispute that Mr. Rochelle engaged in protected opposition to discrimination, thus satisfying the first element of a prima facie case. We consider the remaining two elements.

An adverse employment action is a "*significant* change in employment status, such as hiring, firing, failing to promote, reassignment with *significantly* different responsibilities, or a decision causing a significant change in benefits." *Daniels v. United Parcel Serv.*, *Inc.*, 701 F.3d 620, 635 (10th Cir. 2012) (internal quotation marks omitted). Consequently, we consider whether there was a sufficiently significant change in Mr. Rochelle's assigned part-time work hours after he filed the discrimination charge. We conclude that there was not.

Mr. Rochelle does not challenge the district court's determination that the number of work hours was approximately the same before and after he filed the discrimination charge.[1] And he conceded in his deposition that his work hours had not changed in any appreciable way after he filed his charge. R. at 94. Accordingly,

---

[1] Mr. Rochelle argues for the first time on appeal that Hy-Vee "made up work schedules dating back in the past on days [he] was not schedule[d] to work." Aplt. Opening Br. at 13. His failure to raise this argument in the district court precludes our review of it. *See Ark Initiative v. U.S. Forest Serv.*, 660 F.3d 1256, 1261 (10th Cir. 2011) ("If the claims are not preserved in the district court, they are forfeited and may not be appealed."). Moreover, this claim conflicts with his deposition testimony that the work schedules were accurate. *See* R. at 93.

he failed to present evidence of an adverse employment action and has failed to meet the second factor for a prima facie case. And because he failed to show a materially adverse action, he necessarily failed to show the third factor—a causal connection between protected activity and a materially adverse action. Thus, because Mr. Rochelle failed to establish a prima facie case of unlawful retaliation, summary judgment was properly entered in favor of Hy-Vee.

Mr. Rochelle's claims of discrimination and racial harassment were not included in the pretrial order so were not addressed by the district court. *See Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1302 (10th Cir. 2008) ("[T]he pretrial order is treated as superseding the pleadings and establishing the issues to be considered at trial." (internal quotation marks omitted)). These claims, therefore, were "not part of the case before the district court," and we "decline to reach the merits." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1305 (10th Cir. 2003).

## III.  CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge